

# NUMBER 13-12-00785-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE BARRY DWAYNE MINNFEE

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes**
**Memorandum Opinion Per Curiam**[1]

Relator, Barry Dwayne Minnfee, proceeding pro se, filed a petition for writ of mandamus on December 27, 2012.[2] The petition for writ of mandamus is unclear

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The Court has considered and dismissed or denied numerous other pro se original proceedings or pro se appeals filed by relator. *See generally In re Minnfee,* No. 13-12-00701-CV, 2012 Tex. App. LEXIS 9584, at **4–5 (Tex. App.—Corpus Christi Nov. 16, 2012, orig. proceeding) (mem. op. per curiam); *Minnfee v. Jackson*, No. 13-12-00508-CV, 2012 Tex. App. LEXIS 7465, at *2 (Tex. App.—Corpus Christi Aug. 31, 2012, no pet.) (mem. op. per curiam); *In re Minnfee*, No. 13-12-00337-CV, 2012 Tex. App. LEXIS 4230, at *4 (Tex. App.—Corpus Christi May 24, 2012, orig. proceeding) (mem. op. per curiam); *In re Minnfee,* No. 13-12-00313-CV, 2012 Tex. App. LEXIS 4419, at *4 (Tex. App.—Corpus Christi May 10, 2012, orig. proceeding) (mem. op. per curiam), *In re Minnfee*, No. 13-12-00183-CV, 2012 Tex. App. LEXIS 2253, at *4 (Tex. App.—Corpus Christi Mar. 21, 2012, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00579-CV, 2011 Tex. App. LEXIS 8024, at *4 (Tex. App.—Corpus Christi Oct. 6,

regarding the specific actions or orders complained of in this original proceeding, the identity of the respondent or the real parties in interest, or the nature of the extraordinary relief sought by relator.

A court may enter an order prohibiting a person from filing a new litigation in a court in this state if the court finds, after notice and hearing, that the person is a vexatious litigant and the local administrative judge of the court in which the person intends to file the litigation has not granted permission to file the new litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (West Supp. 2011). A local administrative judge may grant permission to a person found to be a vexatious litigant under Section 11.101 to file a litigation only if it appears to the judge that the litigation: (1) has merit; and (2) has not been filed for the purposes of harassment or delay." *Id.* § 11.102(a) (West Supp. 2011).

Relator is on the list of vexatious litigants compiled by the Office of the Court Administration of the Texas Judicial System, and he has been prohibited from filing any more litigation in Texas courts without permission of a local administrative judge. *See*

---

2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00569-CV, 2011 Tex. App. LEXIS 8023, at *4 (Tex. App.—Corpus Christi Oct. 5, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee,* No. 13-11-00530-CV, 2011 Tex. App. LEXIS 6929, at **3–4 (Tex. App.—Corpus Christi Aug. 24, 2011, orig. proceeding) (mem. op. per curiam); *Minnfee v. Sweetin*, No. 13-11-00152-CV, 2011 Tex. App. LEXIS 4972, at **1–2 (Tex. App.—Corpus Christi June 30, 2011, no pet.) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00399-CV, 2011 Tex. App. LEXIS 4973, at **1–2 (Tex. App.—Corpus Christi June 30, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00368-CV, 2011 Tex. App. LEXIS 4498, at **1–2 (Tex. App.—Corpus Christi June 13, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00360-CV, 2011 Tex. App. LEXIS 4373, at **1–2 (Tex. App.—Corpus Christi June 9, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-09-00429-CV, 2009 Tex. App. LEXIS 5836, at **1–2 (Tex. App.—Corpus Christi July 28, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-09-00268-CV, 2009 Tex. App. LEXIS 5030, at **1–2 (Tex. App.—Corpus Christi May 18, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnifee*, No. 13-09-108-CV, 2009 Tex. App. LEXIS 4933 (Tex. App.—Corpus Christi Apr. 2, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-09-00108-CV, 2009 Tex. App. LEXIS 1559, at *1 (Tex. App.—Corpus Christi Feb. 27, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-08-00561-CV, 2008 Tex. App. LEXIS 7946 , at **1–2 (Tex. App.—Corpus Christi Oct. 15, 2008, orig. proceeding) (mem. op. per curiam).

2

*id.* § 11.104 (West Supp. 2011); *see generally* http://www.txcourts.gov/oca/ vexatiouslitigants.asp.

The petition for writ of mandamus filed in this cause fails to show that relator obtained the permission of the local administrative judge to file this original proceeding. With limited exceptions not applicable to this case, "a clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the local administrative judge permitting the filing." *Id.* § 11.103(a) (West Supp. 2011). Accordingly, we dismiss this original proceeding as improvidently filed.

PER CURIAM

Delivered and filed this
15th day of January, 2013.

3